UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CHARDONNAY/CLUB SHAKESPEARE INC.,          No. 04-10986

Debtor(s).
_____/

CHARDONNAY/CLUB SHAKESPEARE INC.,

Plaintiff(s),

v.          A.P. No. 05-1041

WILLIAM WARD, et al.,

Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

         Defendants William Ward, et al., claim a right to play golf on the debtor's golf course pursuant to a recorded "Memorandum of Golf Privileges."[1] The document was clearly a defective attempt to create an easement pursuant to California Civil Code § 801(7), which permits servitudes creating the right of conducting lawful sports upon land. However, that section only applies to rights attached to other land. Civil Code § 802 provides for unattached servitudes in some instances, but not for such

---

[1] There were originally numerous defendants. All except four, "the Wards," have settled.

1

purposes.

Notwithstanding dicta cited by the Wards, it seems clear that if Civil Code § 801 lists permissible rights which can be servitudes if attached to land and § 802 provides that some of these, but not all, can be unattached servitudes, then those items listed in § 801 but not mentioned in § 802 cannot be valid unattached servitudes.

The Memorandum of Golf Privileges is a failed attempt to create an easement, and the court is tempted to grant summary judgment as the debtor seeks. However, it is possible that the court might reform the document to create a license, which is "authority to do an act, or series of acts, on another's land, without possessing any estate therein." 28 Cal.Jur.3d, **Easements and Licenses**, § 2. The court will defer a final decision pending further argument on this point.

The court feels compelled to point out the frivolous nature of the Wards' damage claims, assuming the court gets to the point of finding a valid basis for damages. The calculation of damages must take into account a lot more than just their life expectancies. There is no obligation to maintain a golf course on the property, and one has already failed. There is no certainty that the Wards will remain in the area for even a few years, let alone throughout their lives. Numerous other factors must be considered, and none of them justify a damage claim anywhere near the order of magnitude of the claims the Wards assert.

For the foregoing reasons, the court will defer determination of the motion for summary judgment pending further argument on noticed motion as to whether the court may and should treat the failed attempt to create an easement as creating a license.

Dated: September 29, 2005

Alan Jaroslovsky
U.S. Bankruptcy Judge

2